UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GHAZALA MOIN KHAN,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2835

Honorable Robert J. Jonker

**ORDER**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1). Respondents filed a response opposing the petition (ECF No. 5), and Petitioner filed a reply (ECF No. 6).

Petitioner is a Pakistani national who has been subject to a final order of removal since 2008. Following that order, Petitioner was released under an order of supervision and subsequently received deferred action based on her cooperation with federal law enforcement agencies. The Government acknowledges that Petitioner remained under deferred action for several years, until the FBI declined to renew it in February 2023 (ECF No. 5, PageID.63). On April 10, 2026, immigration officials encountered Petitioner, revoked her order of supervision, and returned her to custody. *Id.*

Petitioner contends that Respondents failed to comply with the procedures governing revocation of supervised release under 8 C.F.R. § 241.4(l), including the requirements concerning the grounds for revocation, notice of those grounds, and a prompt informal interview affording an

opportunity to respond. She argues that these alleged deficiencies violate the regulations themselves, the *Accardi* doctrine, and the Fifth Amendment's Due Process Clause.

Respondents' response principally addresses whether Petitioner's removal remains reasonably foreseeable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents acknowledge that Petitioner's order of supervision was revoked, but state that they could not locate additional information concerning that revocation (ECF No. 5, PageID.63 n.1). The response does not meaningfully address the procedural deficiencies Petitioner alleges or establish whether the relevant regulatory requirements were satisfied.

The Court concludes that a supplemental response is necessary to clarify the basis for revoking Petitioner's order of supervision and the procedures followed in connection with that decision. In particular, the Court seeks clarification concerning the relationship, if any, between the termination of Petitioner's deferred action and the subsequent revocation of her order of supervision. Accordingly, the Court orders as follows:

1. Within fourteen (14) days of entry of this Order, Respondents shall file a supplemental response explaining the factual and legal basis for revoking Petitioner's order of supervision, including the relationship, if any, between the termination of her deferred action and the revocation of her order of supervision. Respondents shall also address whether Petitioner received notice of the reasons for revocation and was afforded a prompt informal interview and opportunity to respond, as contemplated by 8 C.F.R. § 241.4(l). Respondents shall provide relevant supporting documentation or explain why such documentation is unavailable.
2. Petitioner may file a written reply on or before the seventh day after Respondents file their supplemental response.

3. The Court will schedule a hearing, if necessary, after the parties have filed their submissions.

The Court makes no determination at this time concerning the ultimate merits of the petition or Petitioner's entitlement to release. Those issues remain under consideration pending the supplemental briefing.

**IT IS SO ORDERED.**

Dated: November 16, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge